IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID TWILLIE, II | ) | |
|     Petitioner, | ) | Civil Action No. 12-304 Erie |
| | ) | |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN JAMES VESHECCO, et al., | ) | |
|     Respondents. | ) | |

## MEMORANDUM ORDER

On December 6, 2012, the Clerk of Courts received from Petitioner a motion for leave to proceed *in forma pauperis*, along with an attached petition for a writ of habeas corpus and the form establishing that he consented to jurisdiction by a United States Magistrate Judge. [ECF No. 1]. By Order dated December 27, 2012, this Court directed Petitioner to file the necessary documentation in order to support his motion for leave to proceed *in forma pauperis*. The Order warned that Petitioner's failure to comply on or before January 16, 2013, would result in the dismissal of this action for failure to prosecute. [ECF No. 2].

This Court's December 27, 2012, Order was mailed to Petitioner at his address of record. He did not comply with it and has not submitted anything with this Court since his initial filing.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and, 6) the meritoriousness of the claim or defense. Id. at 868.

1

Weighing the Poulis factors to the extent appropriate, the Court concludes that dismissal of this case without prejudice is an appropriate sanction. Although not all the factors relevant to the Poulis balancing test weigh in favor of dismissal, that is not necessary. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Since the filing of this case, Petitioner has not made any of the necessary first steps to prosecute it. He has not paid the required filing fee or supported his motion for leave to proceed *in forma pauperis*. Without Petitioner's payment of the filing fee or *in forma pauperis* status, this case cannot proceed. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Although it is possible that Petitioner could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

Based upon all of the forgoing, IT IS HEREBY ORDERED that this case is DISMISSED without prejudice for failure to prosecute. The Clerk of Court shall mark it CLOSED.


Dated: January 29, 2013            /s/ Susan Paradise Baxter
                                   SUSAN PARADISE BAXTER
                                   United States Magistrate Judge


cc:   David Twillie, II
      Erie County Prison
      1618 Ash Street
      Erie, PA 16503